IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY N. JOYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05-332-GMS |
| ) | |
| VINCENT P. MECONI, Secretary, ) | |
| Department of Health and Social Services, et al., ) | |
| ) | |
| Defendants. ) | |

**STATE OF DELAWARE'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Delaware Department of Justice, on behalf of the defendants (with the exception of Denise Lewis, Spouse, and Christine K. Dempsey, Esquire, Attorney for Denise Lewis), moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted as a matter of law.[1]  In support of this motion, the Department of Justice states as follows:

1. On May 26, 2005, plaintiff Timothy N. Joynes ("Joynes") filed a complaint alleging that the defendants violated his federal constitutional and statutory rights in connection with an order by the Delaware Family Court for him to pay child support.  Joynes also alleges various pendent state law claims and that the defendants have violated federal criminal statutes in connection with the child support proceedings.

2. For clarity, this Motion and the accompanying Opening Brief in Support divide the

---

[1] To the extent that any of the defendants have not yet been properly served, the Department of Justice also moves to dismiss the complaint pursuant to Federal Rule 12(b)(4) of the Federal Rules of Civil Procedure.  To expedite the case, however, the Department of Justice moves to dismiss the case under Federal Rules 12(b)(1) and 12(b)(6).

defendants represented by the Department of Justice into four categories: (1) State Agency Defendants (Family Court, Department of Health and Social Services ("DHSS"), Division of Child Support Enforcement ("DCSE"), Department of Justice, Family Court, Delaware Judiciary, and State of Delaware); (2) State Official Defendants (Governor Ruth Ann Minner, Vincent P. Meconi, Secretary of DHSS, and Charles E. Hayward, Director of DCSE); Judicial Defendants (Judge Jay H. Conner, Commissioner Mary Ann Herlihy, Commissioner Martha Sackovich, and Mediator Stephanie Fitzgerald); Prosecution Defendant (Christopher Spizziri, Deputy Attorney General); and Advisory Committee Defendants. [2]

3. The Eleventh Amendment bars any claims for monetary damages against the State Agency Defendants or any of the other State Defendants in his or her official capacity. Joynes does not seek prospective injunctive relief against any of the State Defendants in his or her official capacity. The Eleventh Amendment also bars any pendent state law claims against the State Defendants.

4. Joynes cannot sue any of the State Defendants in his or her official capacity under 42 U.S.C. Sections 1983 or 1985 they are not "persons" under those civil rights statutes. The complaint fails to state a claim against any of the State Official Defendants or the Advisory Committee Defendants in their individual capacity because they were not personally involved in the alleged civil rights violations

5. The complaint fails to state a claim for a Section 1985 civil conspiracy. The

---

[2] The Advisory Committee Defendants are: Chief Judge Vincent J. Poppiti; Commissioners Joelle Hitch, Andrew T. Horsey, and Andrew K. Southmayd; Senator Patricia Blevins; Representative Robert J. Valihura, Jr., Esquire; Deputy Attorney General Peter S. Feliceangeli; Andrew Haman; Janine Howard, Esquire; Alisa Mawson; Ellen Moyer, Esquire; Mona Steele; and Barbara E. Corrozi.

Delaware child support laws do not violate equal protection because both parents have a legal obligation to support their children, and the Delaware child support guidelines rationally distinguish between custodial and non-custodial parents.

6. The claims against the Judicial Defendants are barred by absolute judicial or quasi-judicial immunity.

7. The claims against the Prosecutor Defendant are barred by absolute prosecutorial immunity.

8. Joynes lacks standing to enforce the federal criminal laws.

9. All of the claims against the State Defendants are barred by the *Rooker-Feldman* doctrine.

10. Filed together with this Motion is the State of Delaware's Opening Brief in Support of Its Motion To Dimiss.

WHEREFORE, the State of Delaware asks this Court to grant its motion to dismiss the complaint with prejudice.

                                            Respectfully submitted,

                                            /s/ W. Michael Tupman
                                            W. Michael Tupman
                                            Deputy Attorney General
                                            Delaware Department of Justice
                                            102 West Water Street, 3rd Floor
                                            Dover, DE 19901
                                            (302) 739-7641

                                            Attorney for State of Delaware

Date: December 29, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December, 2005, I filed electronically the State of Delaware's Motion To Dismiss; and that on that same date I caused to be filed by first-class mail, postage prepaid, the original hard copy of that Motion to the Clerk of the Court; and on that same date I caused to be served by first-class U.S. mail, postage prepaid, two hard copies of that Motion to:

      Timothy N. Joynes
      55 West Chestnut Hill Road
      Apt. #5
      Newark, DE 19713
      Plaintiff *pro se*

      Christine K. Demsey, Esquire
      1328 King Street
      Wilmington, DE 19801
      Defendant

                                                      /s/ W. Michael Tupman
                                                      W. Michael Tupman

I:\TUPMAN\FILES\joynes.motion.dismiss.wpd