1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TIMOTHY N JOYNES,

    Plaintiff,

Vs.

                          C.A   No.05-CV332   GMS

VINCENT P MECONI;
CHARLES E. HAYWARD;
MARTHA SACKOVICH;
MARY ANN HERLIHY;
JAY H CONNER;
CHRISTOPHER SPIZZIRRI;
STEPHANIE FITZGERALD;
FAMILY COURT OF THE STATE OF DELAWARE;
DERLAWARE DEPARTMENT OF HEALTH AND
SOCIAL SERVICES;
STATE OF DELAWARE DIVISION OF
CHILD SUPPORT ENFORCEMENT;
STATE OF DELAWARE DEPARTMENT OF JUSTICE;
STATE OF DELAWARE JUDICIARY;
STATE OF DELAWARE;
VINCENT J POPPITTI;
PATRICIA BLEVINS;
ROBERT J VALIHURA;
PETER S FELICIANGELI;
ANDREW HAMAN;
JOELLE HITCH;
ANDREW T HORSEY;
JANINE HOWARD;
ALISA MAWSON;
ELLEN MEYER;
ANDREW K SOUTHMAYD;
MONA STEELE;
BARBARA E. CORROZI;
RUTH ANN MINNER;
DENISE LEWIS; and
CHRISTINE K DEMSEY



FILED

DEC 30 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION IN OPPOSITION OF DEFENDANTS DENISE LEWIS AND
CHRISTINE DEMSEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**COMES NOW,** TIMOTHY N JOYNES, the Plaintiff in the above titled action, moves this Honorable Court to deny the motion to dismiss from Defendants Christine Demsey and Denise Lewis for the following reasons:

1. Defendants Christine Demsey and Denise Lewis assert that the Plaintiff failed to state a claim upon which relief can be granted. The United States Supreme Court ruled that only two allegations are required in order to state a cause of action. "First, the Plaintiff must allege that some person has deprived him of a Federal right. Second, he must have alleged that the person who have deprived him of that right, acted under the color of state or territorial law."
GOMEZ vs. TOLEDO  446 US 635 (1980).

2. Defendants Christine Demsey and Denise Lewis claim that the Plaintiff failed to state with particularity the fraud and negligent claims. The Plaintiff understands that when the Court reviews the validity of a complaint, its task is limited. However, the Federal Rules require that a Plaintiff's pleadings are to be liberally construed and to be given favorable reading.- FOMAN vs. DAVIS 371 US 178 (1962); SCHEUER vs. RHODES  416 US 232 (1974).

3. Defendants Christine Demsey and Denise Lewis claim that they had no control over the parties. Both defendants are parties to this action. Defendants Demsey and Lewis enlisted the use of State officers and are State actors within the meaning of 42

U.S.C 1983 as per Lugar vs. Edmunson Oil Company 457 U.S. 922 (1982).

4. Defendants Denise Lewis and Christine K Demsey can be held liable as Individuals for damages. "A jury may be permitted to assess punitive damages in a 1983 action when the defendants conduct involves reckless or callous indifference to the Plaintiff's federally protected rights, as well as when it is motivated by evil intent. The common law, both in 1871 and now, allows recovery of punitive damages in tort cases not only for malicious intent, but also for reckless indifference to the rights of others." -Smith vs. Wade 461 U.S. 30 (1983).

5. Christine Demsey and Denise Lewis are sued in their individual capacities. Because of this, an offset should not be allowed. When a person acts under color of state law to deprive a person of his federal constitutional rights, that person is "subjected in his person to the consequences of his individual conduct."
-Ex-Parte Young 209 U.S 123 (1908).

6. Defendants Christine K Demsey and Denise states that that the Plaintiff's claims are barred by Res Judicata and/or collateral estoppel. In the Res Judicata claim, these two defendants failed to state with particularity the name of the court, the title of the matter, the date of the matter, as well as the disposition of the said matter. They also failed to attach exhibits to their motion to support this affirmative defense. As far as the Estoppel claim, the Plaintiff did not willfully entered into any contract, but said contract was forced upon him by the defendants. The defendants knew that said contract would be violative of Plaintiff' rights , but chose to follow

that path.

7. Defendants Christine K Demsey and Denise Lewis claim that the Plaintiff did not give them a fair warning. However, the Plaintiff is not required to give the defendants any prior warning. "If those acts are done willfully, how can the officer possibly claim that he had no fair warning that his acts were prohibited by the statute? He violates the statute not merely because he has a bad purpose but because he acts in defiance of announced rules of law. He who defies a decision interpreting the Constitution knows exactly what he is doing. If sane, he hardly may be heard to say that he knew not what he did…..But willful violators of constitutional requirements which have been defined, certainly are in no position to say that they had no adequate advance notice that they would be visited with punishment……When they are convicted for so acting, they are not punished for violating an unknowable something."- Screws vs. United States 325 U.S. 91 (1945). Also, Punitve damages are available under 42 U.S.C. 1983 under the Civil Rights Act of 1871 which was never repealed.

8. A violation of federally protected rights is not a privilege enjoyed by persons sued as individuals.

9. Defendants Demsey and Lewis knew exactly what they were doing.

10. See Ex-parte Young 209 U.S. 123 (1908).

11. The Plaintiff has every right to seek damages against individuals that deprived

him of Federally protected rights. The reach of this lawsuit is federal rights under 42 U.S.C. 1983, and the Plaintiff does not need to exhaust all state remedies in order to secure his rights." The purpose of 42 U.S.C. 1983 were to override certain kinds of state laws, to provide a federal remedy where the state remedy, though adequate in theory, is not available in practice, and to provide a remedy in the federal courts supplementary to any remedy any state may provide: and those purposes would be defeated if it were held that assertion of a federal claim in a Federal Court must await an attempt to vindicate the same claim in a state court."- McNeese vs. Board of Education 373 U.S. 668 (1963). The Plaintiff never waived any of his federal rights in any Delaware court.

12. There is further evidence that these Defendants knew that their actions could be subject to further judicial review. The Plaintiff would like to be given his day in court to further state his claims against the Defendants. Monroe vs. Pape 365 U.S. 167 (1961) states that Federal courts are available to hear such suits irrespective of the potential adequacy of state procedures.

13. Title 28 sec.1654, note 30 "Judiciary—Procedure" sets forth the duty of the court as "Implicate in right to self –representation in obligation on part of court to make reasonable allowances to protect Pro Se litigants from inadvertent forfeiture of important rights because of their lack of legal training. (Traguth v. Zuck C.A.N.Y 1983, 710 F 2nd 90)

14. If the Plaintiff has failed to state a claim as Defendants Demsey and Lewis

Case 1:05-cv-00332-GMS    Document 10    Filed 12/30/2005    Page 5 of 7

5

assert, then intimidation with the conspiracy to deny rights, actions outside all lawful jurisdictions, substantive violations of due process, intentional discrimination, criminal conspiracy to deny rights, fraud, and perjury can exist without fear of having to answer. If this occurs, then the Court splits hairs and insinuates that the Constitution of the United States does not mean what it says but that we are governed by what the judiciary dictates. The only way to address the Plaintiff's grievances is by being given the right to trial as guaranteed by the 7th Amendment.

**Wherefore, the Plaintiff respectfully request that Defendants Christine K. Demsey and Denise Lewis motion to dismiss under Fed Rules of Civ. Prod. 12(b)(6) be denied.**

Respectfully submitted,

*Timothy N Joynes*

Timothy N Joynes
55 West Chestnut Hill Road #5
Newark, Delaware 19713-2264

Affidavit of Mailing

Before me the undersigned Notary Public, on this day personally appeared Timothy N Joynes, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he has sent by first class mail a true and correct copy of the Motion In Opposition To Dismiss.

Given under my hand and seal this 30st day of December, 2005

Timothy N Joynes
55 West Chestnut Hill Road # 5
Newark, Delaware 9713-2264
302-737-0783

W Michael Tupman
DOJ
102 West Water St
Dover, DE 19904

Notary Public